TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2016-SC-000109-KB

MICHAEL A. VALENTI      MOVANT

V.      IN SUPREME COURT

KENTUCKY BAR ASSOCIATION      RESPONDENT

## OPINION AND ORDER

Michael A. Valenti[1] commingled personal funds with client funds in his firm's IOLTA escrow account. Valenti self-reported this professional-ethics violation to the Kentucky Bar Association, and the parties have reached an agreed resolution.

Over a two-and-one-half-year period, Valenti misused client funds via six separate disbursements, ranging in amounts from $1,544.40 to $10,440.00. In addition, Valenti authorized checks representing his own personal funds

---

[1] KBA Member No. 81989, bar roster address, One Riverfront Plaza, Suite 1950, 401 W. Main Street, Louisville, Kentucky 40202. Valenti was admitted to the practice of law on April 24, 1987.

totaling $182,585.81 to be deposited into the IOLTA escrow account of his firm, Valenti Hanley & Robinson, PLLC. This IOLTA escrow account also contained client funds. Of these deposited funds, $173,678.00 were obtained through Valenti's firm's profit-sharing plan. Valenti used the funds to pay personal expenses. Of note, before Valenti self-reported, all client funds were restored.

Valenti admits his conduct violated Kentucky Supreme Court Rule (SCR) 3.130-1.15(a), which provides:

> "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded

Under SCR 3.480(2), Valenti and the KBA agreed to the imposition of discipline and now ask this Court to impose upon him a suspension from the practice of law for thirty days, to be probated for a one-year period. The terms of the probation require Valenti to attend, at his own expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel (OBC) within twelve months following the entry of this Opinion and Order. Valenti will not be allowed to apply for CLE credit of any kind for this program and must furnish a release and waiver to the OBC to

2

allow the OBC to verify he has not reported any such hours to the CLE Commission. In addition, Valenti must satisfy all CLE requirements and timely pay his KBA membership dues. And Valenti will pay the costs of these proceedings.

In the event Valenti fails to comply with any of the terms of discipline stated here, upon motion of the OBC, this Court may impose the entire thirty-day suspension.

After reviewing the record, the standards, and other relevant authorities, this Court concludes that the discipline proposed by Valenti is adequate.

Thus, the Court ORDERS:

1) Michael A. Valenti, KBA Member No. 81981, is guilty of the charge alleged in KBA File No. 23365;

2) Valenti will be suspended from the practice of law for a period of thirty days for violating SCR 3.130-1.15(a);

3) The entirety of Valenti's suspension will be probated for one year, subject to the conditions set forth here;

4) If Valenti fails to comply with any of the terms of discipline as set forth here, upon the OBC's motion, the Court will impose the thirty-day suspension;

5) In accordance with SCR 3.370, Valenti is directed to pay $57.10, the cost associated with this proceeding, for which execution may issue

3

from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 5, 2016.

_____
CHIEF JUSTICE

4

# Supreme Court of Kentucky

## 2016-SC-000109-KB

MICHAEL A. VALENTI                                            MOVANT

V.                      IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                  RESPONDENT

## ORDER CORRECTING

The Opinion and Order of the Court rendered May 5, 2016 is corrected on its face by substitution of the attached Opinion and Order in lieu of the original Opinion and Order. Said correction does not affect the holding of the original Opinion and Order of the Court.

ENTERED: May 27, 2016

CHIEF JUSTICE JOHN D. MINTON, JR.